# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# CENTRAL DIVISION
# AT LEXINGTON

| | |
|---|---|
| **TROYCE A. LEWIS,** <br> **Plaintiff,** <br><br> **V.** <br><br> **JEFFREY SELBY, M.D.,** <br> **Defendants.** | **CIVIL ACTION NO. 5:18-526-KKC** <br><br> **MEMORANDUM OPINION** <br> **AND ORDER** |

*** *** ***

Plaintiff Troyce A. Lewis is an inmate confined at the Duluth Federal Prison Camp in Duluth, Minnesota. Proceeding without an attorney, Lewis has filed a civil rights action pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971) in which he alleges claims of medical negligence, as well as claims that defendants violated his constitutional rights while Lewis was confined at the Federal Medical Center ("FMC") – Lexington in Lexington, Kentucky. [R. 1]

The Court must conduct a preliminary review of Lewis' complaint because he has been granted permission to pay the filing fee in installments. 28 U.S.C. §§ 1915(e)(2), 1915A. [R. 7] A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010). When testing the sufficiency of Lewis' complaint, the Court affords it a forgiving construction, accepting as true all non-

1

conclusory factual allegations and liberally construing its legal claims in the plaintiff's favor. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).

In his complaint, Lewis alleges that on September 1, 2016, while he was incarcerated at FMC-Lexington, he was admitted to the University of Kentucky Medical Center ("UKMC") for a total hip replacement surgical procedure. [R. 1 at p. 2] According to Lewis, the Federal Bureau of Prisons ("BOP") contracted this health care service out to defendant Dr. Jeffery Selby, who then referred it to UKMC's residents' program, without Lewis' prior approval or specific knowledge. [*Id*.] Lewis further alleges that, although Dr. Selby had expressed to Lewis that he would be the actual person performing the procedure, this was not actually true. [*Id*.]

Lewis alleges that, after he was transferred to Duluth Federal Prison Camp in April 2017, he noticed a severe leg length disparity four- or five-months post-surgery. [*Id*] After requesting and reviewing his medical records, Lewis claims that he first discovered that Dr. Selby was the attending physician and that the procedure was, in fact, administered by defendants Oshikoya, M.D., and Olamide, M., a resident at UKMC. [*Id*. at p. 2-3] According to Lewis, x-rays taken by the Duluth medical staff on April 24, 2017 showed that his left femoral condyle is 16.5mm higher than the right femoral condyle and the left total hip arthroplasty prothesis in place with the left acetabular prosthetic component is elevated compared to the right acetabulum. [*Id*. at p. 3]

Based on these allegations, Lewis filed this complaint against Dr. Selby, Dr. Oshikoya, and Olamide. [R. 1] He states that he seeks to hold the defendants "liable for all of the incurring structural damage to my body's anatomy as a direct result of the botched surgery, medical malpractice and gross medical negligence that will cause me to be affected for the duration of my life." [R. 1 at p. 3] According to Lewis, the defendants' failure to adequately perform his surgical procedure has left him permanently crippled without further corrective surgery. [*Id*.] He further

claims that his right to adequate and unbiased health and surgical care have been violated, as well as his rights under the Eighth Amendment. [*Id*. at p. 4]

As relief, Lewis requests that the Court find the UKMC defendants "liable for medical malpractice under state laws and federal laws that prohibit this type of injustice" and hold them responsible for all medical expenses that Lewis will incur during the duration of his life. [*Id*. at p. 8] He also requests the Court to consider the Rehabilitation Act, 29 U.S.C. § 701 et seq ("RA"), the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.* ("ADA"), and the imposition of punitive damages for Lewis' pain and suffering. [*Id*.]

However, the Court must dismiss Lewis' complaint for failure to state a claim. A complaint must set forth sufficient allegations to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court has an obligation to liberally construe a complaint filed by a person proceeding without counsel, but it has no authority to create arguments or claims that the plaintiff has not made. *Coleman v. Shoney's, Inc.*, 79 F. App'x 155, 157 (6th Cir. 2003) ("Pro se parties must still brief the issues advanced with some effort at developed argumentation.").

Here, Lewis seeks to bring both medical negligence claims and Eighth Amendment claims against defendants Selby, Oshikoya, and Olamide, all of whom he alleges were employed by UKMC. [R. 1] He seeks to bring the constitutional claims against the defendants pursuant to the *Bivens* doctrine, which allows a federal prisoner to bring a money-damages suit against federal officers who violated certain constitutional rights. *Carlson v. Green*, 446 U.S. 14 (1980). However, a *Bivens* claim against these defendants will not lie because they are employed by UKMC, not the federal government, and Kentucky tort law provides an adequate remedy for inadequate medical care. See *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 69-74 (2001) (holding

3

that no private cause of action should be implied under *Bivens* against private corporation operating halfway house under contract with BOP); *Minneci v. Pollard*, 565 U.S. 118, 125 (2012) (declining to imply cause of action under *Bivens* for inadequate medical care provided to inmate of prison run by private company, in part because "in the case of a privately employed defendant, state tort law provides an 'alternative, existing process' capable of protecting the constitutional interests at stake.").

Moreover, Lewis' allegations do not support a claim that the defendant physicians were "deliberately indifferent" to his serious medical needs. "In order to state a cognizable claim [under the Eighth Amendment] a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to the plaintiff's serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Lewis' hip replacement surgery in September 2016 may have been sufficiently serious to implicate constitutional concerns. But to establish "deliberate indifference" to that condition, Lewis must allege facts sufficient to show that his doctors acted with a knowing and culpable disregard for his well-being, demonstrated by circumstances such as "intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Id*. at 104; *Wilson v. Seiter*, 501 U.S. 294, 297 (1991); *Arnett v. Webster*, 658 F. 3d 742, 751 (7th Cir. 2011) ("Deliberate indifference is more than negligence and approaches intentional wrongdoing.").

What will not suffice are allegations that plaintiff's doctors were merely negligent in their diagnosis of the prisoner's medical condition, or simply failed to provide adequate medical care. *Rhinehart v. Scutt*, 894 F. 3d 721, 736 (6th Cir. 2018). In essence, Lewis' complaint alleges that: 1) contrary to his expectations, Dr. Selby did not personally perform his hip replacement surgery; and 2) his hip replacement surgery was not successful. [R. 1 at p. 2-3] But the fact that, with the

4

benefit of hindsight, a prescribed course of treatment failed to remedy the condition is not sufficient to show deliberate *indifference*. Thus, "where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims that sound in state tort law." *Baker v. Stevenson*, 605 F. App'x 514, 517 (6th Cir. 2015) (quoting *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976)).

Lewis does not contest that he was provided with treatment for his medical condition via his hip replacement surgery. Even "[w]hen a prison doctor provides treatment, albeit carelessly or inefficaciously, to a prisoner, he has not displayed a deliberate indifference to the prisoner's needs, but merely a degree of incompetence which does not rise to the level of a constitutional violation." *Comstock v. McCrary*, 273 F. 3d 693, 703 (6th Cir. 2001). A prisoner's "disagreement with the exhaustive testing and treatment he received while incarcerated does not constitute an Eighth Amendment violation." *Lyons v. Brandy*, 430 F. App'x 377, 381 (6th Cir. 2011). The defendants provided Lewis with medical care related to his hip. Although Lewis' allegations that the medical treatment provided fell below the applicable standard of care may be sufficient to state a claim of negligence under state law, they do not suggest the sort of intentional indifference which is the touchstone of a constitutional claim under the Eighth Amendment.

Turning to Lewis' medical negligence claims against the defendants, it is evident from the face of the complaint that Lewis' claims are untimely. The Court may dismiss a claim plainly barred by the applicable limitations period upon initial screening. *Jones v. Bock*, 549 U.S. 199, 215 (2007) ("If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim."); *Franklin v. Fisher*, 2017 WL 4404624, at *2 (6th Cir. 2017) ("The district court properly dismissed Franklin's

complaint for failure to state a claim upon which relief may be granted because it is obvious from the face of her complaint that almost all of her claims are barred by the applicable statute of limitations."); *Castillo v. Grogan*, 52 F. App'x 750, 751 (6th Cir. 2002) ("When a meritorious affirmative defense based upon the applicable statute of limitations is obvious from the face of the complaint, sua sponte dismissal of the complaint as frivolous is appropriate.").

The medical care about which Lewis now complains occurred in Kentucky, thus the statute of limitations with respect to Lewis' negligence claims are governed by Kentucky law. Under Kentucky law, actions for personal injury and actions against a physician, surgeon, or hospital for negligence or malpractice must be commenced within one year after the cause of action accrues. Ky. Rev. Stat. § 413.140(1)(a), (e); *Hornback v. Lexington-Fayette Urban Co. Gov't.*, 543 F. App'x 499, 501 (6th Cir. 2013); *Mitchell v. Chapman*, 343 F.3d 811, 825 (6th Cir. 2003). A claim accrues when the plaintiff becomes aware of the injury which forms the basis for his claims. *Estate of Abdullah ex rel. Carswell v. Arena*, 601 F. App'x 389, 393-94 (6th Cir. 2015) ("Once the plaintiff knows he has been hurt and who has inflicted the injury, the claim accrues.") (internal quotation marks omitted) (citing *United States v. Kubrick*, 444 U.S. 111, 122 (1979)).

Here, although Lewis alleges that he was admitted to UKMC for surgery on September 1, 2016, he states that did not review the medical records related to his surgery April 2017, which is when he claims that he first discovered that Dr. Selby did not actually perform the procedure. [R. 1 at p. 2] He further alleges that he discovered the alleged "structural damage" to his body incurred as a result of his surgery after Duluth Medical Services did a complete series of x-rays to his left side on April 24, 2017. [R. 1 at p. 3] Thus, according to his allegations, Lewis was aware of the alleged injuries forming the basis for his claims in April 2017. However, he did not file this lawsuit until September 11, 2018, nearly five months after the statute of limitations had expired with

6

respect to his medical negligence claims against the individual defendants named in his complaint. Thus, his claims against these defendants are untimely.

It is true that, when a claimant is required to exhausted administrative remedies before bringing suit, the limitations period is tolled while he or she does so, as long as such remedies are pursued diligently and in good faith. *Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir. 2000). Under the Prison Litigation Reform Act ("PLRA"), "[n]o action shall be brought with respect to prison conditions under [42 USC § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 USC § 1997e(a). However, Lewis' negligence claims against Dr. Selby, Oshikoya and Olamide are not based on § 1983, nor any other federal law. Moreover, Lewis is not seeking to assert these claims against the United States, the BOP and/or its employees. Rather, the claims alleged in his complaint are ordinary medical negligence claims asserted against private medical providers based on Kentucky state law. Accordingly, no such tolling is applicable to Lewis' medical negligence claims against the private doctors who treated Lewis in 2016.

Even so, Lewis states that he began the administrative remedy process by filing a request or appeal to the Warden on March 30, 2018. [Record No. 1 at p. 4] He further states that he filed his final appeal to the Office of General Counsel on May 24, 2018, and attaches to his complaint the denial that he received dated June 18, 2018. [*Id*.; Record No. 1-2][1] Thus, even if the statute of limitations were tolled while he pursued his administrative remedies from March 30, 2018, until June 18, 2018, it would have been running from at least April 24, 2017 (the very latest date that

---

[1] Although the sufficiency of the complaint is generally tested with reference only to the face of the complaint itself, *Burns v. United States*, 542 F. App'x 461, 466 (6th Cir. 2013), the Court may consider a document attached to the complaint in determining whether dismissal is proper. *Cates v. Crystal Clear Techs., LLC,* 874 F.3d 530, 536 (6th Cir. 2017) (citations omitted).

7

his claim accrued) until March 30, 2018 (when he began to pursue his administrative remedies). Thus, in this scenario, even after the limitations period re-started in June 2018, there were only approximately 25 days of the period remaining, thus it would have expired in mid-July 2018, meaning that his lawsuit filed in September 2018 is still untimely.

Finally, Lewis' complaint makes brief references to the ADA and the RA [R. 1 at p. 8 (requesting only that the Court "consider" these statutes)], although it is not clear that he intends to state a claim for violation of the ADA and/or the RA. However, even if he had alleged facts in support of claims under the ADA and/or the RA (which he does not), these claims would fare no better. Title II of the ADA prohibits any public entity from discriminating on the basis of an individual's disability in the provision of services, programs, or activities:

> No qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

42 U.S.C. § 12132 (emphasis added). The RA's anti-discrimination provision is to like effect. 29 U.S.C. § 794(a). However, only a "public entity" may be sued under the ADA and the RA. The term "public entity" includes "any State or local government" or "any department, agency, special purpose district, or other instrumentality of a State or States or local government." 42 U.S.C. § 12131(1). But the individual defendants, all persons employed by the UKMC, may not be sued under the ADA or RA because "there is no individual liability under Title II of the ADA." *Sagan v. Sumner Cnty. Bd. of Educ.*, 726 F. Supp. 2d 868, 875 (M.D. Tenn. 2010). *See Williams v. McLemore*, 247 F. App'x 1, 5-6 (6th Cir. 2007) (holding that public employees may not be sued in their individual capacity under Title II of the ADA); *Hiler v. Brown*, 177 F. 3d 542, 545-46 (6th Cir. 1999) (holding that there is no personal liability for individuals under the RA).

In addition, Lewis' ADA and/or RA claims are also untimely, as claims under ADA and the RA are also governed by a one-year statute of limitations. *Southerland v. Hardaway Mgmt. Co.*, 41 F.3d 250, 253-54 (6th Cir. 1994) (Rehabilitation Act claims); *Alja-Iz v. Ramsey*, No. 3: 14-CV-618-DJH, 2017 WL 6485803, at *7 (W.D. Ky. Sept. 13, 2017) (ADA claims).

For all of these reasons, Lewis' complaint will be dismissed without prejudice.

Accordingly, **IT IS ORDERED** that:

1. Lewis's complaint [R. 1] is **DISMISSED WITHOUT PREJUDICE**.

2. Any pending requests for relief are **DENIED AS MOOT**.

3. **JUDGMENT** shall be entered contemporaneously with this Order.

4. This action is **STRICKEN** from the Court's docket.

Dated January 3, 2019.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY